IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:19-CV-10-FL

| | |
|---|---|
| GERALD MURPHY, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| ANDREW SAUL, Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings. (DE 16, 18). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II, issued a memorandum and recommendation ("M&R") (DE 20), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm the final decision by defendant. Plaintiff timely objected to the M&R. In this posture, the issues raised are ripe for ruling. For the reasons that follow, plaintiff's motion for judgment on the pleadings is denied, and defendant's motion for judgment on the pleadings is granted.

**BACKGROUND**

On July 30, 2015, plaintiff protectively filed an application for supplemental security income, alleging disability beginning August 31, 2003. The application was denied initially and upon reconsideration. A hearing was held on September 14, 2017, before an administrative law judge ("ALJ") who determined that plaintiff was not disabled in decision dated December 29,

2017. After the hearing, plaintiff amended his alleged onset date to July 30, 2015. Plaintiff appealed the ALJ's decision to the appeals council. On December 3, 2018, the appeals council denied plaintiff's request for review, making defendant's decision final with respect to plaintiff's claims. Plaintiff commenced the instant action in January 2019, seeking judicial review of defendant's decision.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (citations omitted). The standard is met by "more than a mere scintilla of evidence . . . but less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review . . . is a record of the basis for the ALJ's ruling, which should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir.2013). An ALJ's decision must "'include a narrative discussion describing how the evidence supports each conclusion,'" Monroe

v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medial impairment meets or exceeds the severity of one of the [listed] impairments; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

3

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the social security claimant during the first four steps of the inquiry, but shifts to defendant at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since July 30, 2015, the date of plaintiff's application. (Transcript of the Record ("Tr.") 17). At step two, the ALJ found that plaintiff had the following severe impairments: essential hypertension; lumbar stenosis with disc bulge and radiculopathy; obesity and degenerative joint disease of bilateral knees. (Id.). However, at step three, the ALJ determined that these impairments were not severe enough to meet or, either individually or in combination, medically equal one of the listed impairments in the regulations. (Tr. 17-18); see 20 C.F.R. § 404, Subpt. P, App. 1.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform light work, subject to the following limitations:

> [T]he claimant: could lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently; could sit for 6 hours; could stand and walk for 4 hours; could operate foot controls with the left leg occasionally; could occasionally climb ramps, stairs, ladders, ropes, or scaffolds; could frequently balance; could occasionally kneel, stoop, crouch, and crawl; could occasionally be exposed to humidity and wetness; and could occasionally be exposed to vibration and extreme cold.

(Tr. 18). At step four, the ALJ concluded plaintiff is unable to perform any past relevant work. (Tr. 22). At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. (Tr. 23). Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act. (Tr. 24).

B.   Analysis

Plaintiff argues that the ALJ failed to conduct a proper function-by-function analysis of plaintiff's impairments before reaching his RFC determination, and that the ALJ failed to account for plaintiff's subjective statements of functioning. The magistrate judge thoroughly and cogently addressed these arguments in the M&R. (See M&R 6-12). Upon careful de novo review of plaintiff's arguments and the record in this matter, the court adopts the analysis in the M&R. The court writes separately to address specific evidence that is referenced in plaintiff's objections but not discussed in the M&R.

Plaintiff argues that the RFC determination does not take into account all of his functional limitations, as evidenced by his medical records, including records of his primary care physician Godfried Arthur, MD, from a September 19, 2017, visit post-dating plaintiff's hearing before the ALJ. (Tr. 33-40). Plaintiff suggests that these records are evidence of his inability to perform work on a regular and continuing basis given his "worsening back pain" and prescribed medications. (Obj. (DE 21) at 5).

The records cited by plaintiff, however, are consistent with the ALJ's RFC determination and discussion of the medical evidence. For example, the ALJ noted that, following plaintiff's back surgery in March 2016, plaintiff reported "improvement of pre-operative symptoms and exhibited normal responses to a physical examination," and in December 2016 and May 2017 plaintiff "did not receive any treatment for back or knee pain at those visits." (Tr. 20; see, e.g., Tr. 473, 487-506). The September 2017 treatment notes confirm that plaintiff was not on medications immediately prior to that time, was participating in exercise sometimes, was encouraged to exercise, and had normal responses to physical examination. (Tr. 33, 38-39). While plaintiff reported "worsening back pain" at that visit, he reported that medications previously "worked for

him very well," and his physician then restarted plaintiff on a medication regimen. (Tr. 33, 39). Thus, there is no evidence of functional limitations beyond those provided in the RFC, where plaintiff's pain symptoms respond to treatment by medication.

In sum, substantial evidence supports the ALJ's determination that that plaintiff could perform light work with stated RFC limitations. Accordingly, the magistrate judge correctly recommended affirming the ALJ's decision denying benefits.

## CONCLUSION

Based on the foregoing, and upon de novo review of the record, the court adopts the M&R. Plaintiff's motion for judgment on the pleadings (DE 16) is DENIED, and defendant's motion for judgment on the pleadings (DE 18) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 26th day of March, 2020.

LOUISE W. FLANAGAN
United States District Judge